CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 23 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REYNOLD GEORGE SAMUELS, JR.,<br>JVON BARNETT,<br>TRAVIS MCKINSLEY BARNETT,<br>REGINALD VAUGHN BLY,<br>PENNY ALISHA MILES,<br>CARL ANTHONY SAMUELS,<br>ANDRE ALEXANDER WILLIAMS,<br>JOE DAVIS WILLIAMS, III,<br><br><div align="right">*Defendants.*</div> | CRIMINAL NO. 3:08CR00005<br><br><br>MEMORANDUM OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Joe Davis Williams' Notice of Appeal of Decision of Magistrate to Disqualify Counsel (docket #125). Mr. Williams seeks review of U.S. Magistrate Judge B. Waugh Crigler's April 16, 2008 Order (docket #124) granting Defendant Travis McKinsley Barnett's motion to disqualify Mr. Williams' attorney, Jay Lawrence Pickus. Because Judge Crigler's decision was neither contrary to law nor clearly erroneous, I will affirm the Order disqualifying Mr. Pickus.

## STANDARD OF REVIEW

A district judge's review of a magistrate judge's order on a nondispositive matter is governed by Federal Rule of Criminal Procedure 59(a), which states in relevant part:

> A party may serve and file objections to the [magistrate judge's] order within 10
> days after being served with a copy of a written order or after the oral order is

stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(a); *see also* 28 U.S.C. § 636(b)(1)(A).[1]

# DISCUSSION

It is well established that a motion to disqualify counsel is nondispositive. *See, e.g.,* *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997); *DeBiasi v. Charter County of Wayne*, 284 F. Supp. 2d 760, 768 (E.D. Mich. 2003); *Hammond v. City of Junction City*, 167 F. Supp. 2d 1271, 1288–89 (D. Kan. 2001). Moreover, I will assume without deciding that Mr. Williams' Notice of Appeal satisfies the Rule 59(a) requirement of served and filed objections. Thus, the only question before the Court is whether Judge Crigler's Order disqualifying Mr. Pickus is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Under this "circumscribed" standard of review, "the district court is not permitted to receive further evidence." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). My review is therefore limited to the evidence that was presented to Judge Crigler.[2] Based on that record, I find that Judge Crigler's decision to disqualify Mr. Pickus was neither contrary to law nor clearly erroneous.

Mr. Williams' principal objection is that Judge Crigler based his decision on the proffers of various counsel rather than the sworn testimony of witnesses. I have reviewed an audio recording of the hearing before Judge Crigler and determined that Mr. Williams neither attempted to introduce sworn testimony nor objected to a decision based on the proffers alone. Accordingly, this objection was waived.

---

[1] Just as Federal Rule of Civil Procedure 72(a) establishes procedures for implementing 28 U.S.C. § 636(b)(1)(A) in the civil context, Federal Rule of Criminal Procedure 59(a) does the same in the criminal context. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72 advisory committee's notes; Fed. R. Crim. P. 59 advisory committee's notes.

[2] For this reason, I did not permit Mr. Williams to call witnesses at the hearing on this matter.

Even were it not waived, however, I would still find that there was no clear error in accepting the proffers of counsel because there was no significant dispute over the material facts, namely that (1) Mr. Williams has retained Mr. Pickus to represent him in this case; (2) Mr. Pickus has previously represented Mr. Samuels and Mr. Barnett, two of Mr. Williams' co-defendants; (3) Mr. Pickus represented Mr. Samuels at a brief and ultimately unproductive proffer session with the government, which Mr. Pickus had arranged at Mr. Samuels's request, arising out of a search of Mr. Samuel's home that eventually resulted in at least some of the charges in the instant indictment; (4) Mr. Pickus represented Mr. Barnett in some capacity, and was until recently listed as counsel of record on, a state marijuana charge that was deferred in favor of the instant federal prosecution, in which the same underlying conduct is charged as Count 10 of the federal indictment; and (5) Mr. Pickus also represented Mr. Barnett in connection with state charges related to an alleged assault, the underlying conduct of which the government intends to introduce at trial as acts in furtherance of the alleged conspiracy.[3] On this record, Judge Crigler concluded that the conflict, or at least the appearance of a conflict, was sufficient to disqualify Mr. Pickus. I discern no error in this conclusion and agree that there does appear to be a conflict that precludes Mr. Pickus' representation of Mr. Williams.

"[T]he Sixth Amendment right to counsel has more to do with ensuring the fairness and integrity of the adversarial process generally than with vindicating a defendant's desire to have the particular lawyer that she or he most wants." *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996). Courts have an "independent interest in ensuring that criminal trials are

---

[3] Mr. Williams argues that Mr. Barnett lacks standing to object to any conflict arising from Mr. Pickus' representation of Mr. Samuels, and that the government, which argued in favor of disqualification, lacks standing to object to any conflict. The Fourth Circuit has made clear, however, that "any member of the bar aware of the facts justifying a disqualification of counsel is obligated to call it to the attention of the court." *United States v. Clarkson*, 567 F.2d 270, 271 n.1 (4th Cir. 1977) (citing *Estates Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 345 F. Supp. 93, 98 (S.D.N.Y. 1972). Accordingly, Mr. Williams' standing-related arguments are unavailing.

conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* (quoting *Wheat v. United States*, 486 U.S. 153, 160 (1988)). Moreover, in determining whether to disqualify counsel, "the trial court is not to weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977) (citations omitted).

Under the Virginia Rules of Professional Conduct, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation." Va. R. Prof'l Conduct 1.9(a). There is no question that Mr. Samuels and Mr. Barnett shared attorney-client relationships with Mr. Pickus and have not affirmatively consented to his representation of Mr. Williams. Therefore, this controversy turns on whether the matters at issue in the former representations are "substantially related" to the matters at issue in the representation of Mr. Williams. "Substantially related" has been interpreted to mean "identical" or "essentially the same." *Rogers v. Pittston Co.*, 800 F. Supp. 350, 353 (W.D. Va. 1992) (quoting *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 730 (E.D. Va. 1990)). The phrase has also been used to describe a scenario where "the lawyer could have obtained confidential information in the first representation that would have been relevant in the second." *Tessier*, 731 F. Supp. at 730 (quoting *Analytica Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir.1983)). However, "[n]o actual receipt of confidences must be shown; such a standard would place an unreasonable burden on the moving party." *Rogers*, 800 F. Supp. at 354. Rather, the question is

- 4 -

whether "there was a reasonable chance that the attorney received confidences in the first matter." *Id.*; *Stitz v. Bethlehem Steel Corp.*, 650 F. Supp. 914, 916 (D. Md. 1987).

With these standards in mind, it seems clear that the matters at issue are substantially related. First, they are "essentially the same" in that (1) the government's interest in a proffer session with Mr. Samuels arose out of a search that ultimately led to at least part of the federal indictment; (2) Mr. Barnett's state marijuana charge is essentially identical to Count 10 of the federal indictment; and (3) the government intends to introduce the conduct underlying Mr. Barnett's other state charges as acts in furtherance of the conspiracy alleged in the federal indictment. Second, despite Mr. Pickus' assurances that he received no confidences in his former representations of Mr. Samuels and Mr. Barnett, I am skeptical that any attorney could carry out those representations in a manner consistent with his or her professional and ethical obligations without receiving at least some confidences. Regardless, there certainly exists a "reasonable chance" that Mr. Pickus obtained confidential information in the former representations that would be relevant in his representation of Mr. Williams, thereby creating a potential conflict of interest.[4]

## CONCLUSION

Given that Mr. Pickus' former and current representations are substantially related, and that the Fourth Circuit has instructed trial courts to prevent even "the appearance of impropriety" and "to resolve all doubts in favor of disqualification," I hold that Judge Crigler's decision to grant Mr. Barnett's motion to disqualify Mr. Pickus was neither contrary to law nor clearly

---

[4] "A concurrent conflict of interest exists if . . . there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a former client." Va. R. Prof'l Conduct 1.7(a)(2). "A lawyer who has formerly represented a client in a matter . . . shall not thereafter . . . use information relating to or gained in the course of the representation to the disadvantage of the former client . . . [or] reveal information relating to the representation." Va. R. Prof'l Conduct 1.9(c)(1)–(2).

erroneous. Accordingly, Mr. Williams' objections (docket #125) are hereby OVERRULED, and

Judge Crigler's Order (docket #124) is hereby AFFIRMED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum

Opinion and Order to all counsel of record.

Entered this 23rd day of April, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE